United States District Court
Southern District of Texas

**ENTERED**

July 24, 2024

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| ROGELIO REGALADO, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV. ACTION NO. 7:23-290 |
| | § | |
| HIDALGO COUNTY, ET AL, | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff, Rogelio Regalado, proceeding *pro se*, filed a Notice of Appeal (Dkt. No. 17) in regard to a Final Judgement of Plaintiff's civil action brought under 42 U.S.C. § 1983. (Dkt. No. 15.) Plaintiff subsequently filed a motion for leave to appeal *in forma pauperis* ("IFP"). (Dkt. No. 19). This matter has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the undersigned recommends that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 19) be denied and that the District Judge certifies that Plaintiff's appeal is not taken in good faith.

**I. Background**

On August 25, 2023, Plaintiff, a then state prisoner, initiated a civil action under 42 U.S.C. § 1983, and filed an application to proceed IFP. (Dkt. Nos. 1, 2.) The application included Plaintiff's declaration for his inability to pay in advance the filing fee and attached a Prisoner Trust Fund Account Statement. (Dkt. Nos. 2, 3.) Finding that Plaintiff was unable to afford the filing fee, the undersigned granted Plaintiff's application to proceed IFP on September 7, 2023. (Dkt. No. 4.) Permitted to proceed, Plaintiff submitted a series of filings while the original complaint

was pending review.   In the original complaint, Plaintiff alleged multiple violations of his constitutional rights against the named defendants and requested both monetary and injunctive relief.  On September 15, 2023, Plaintiff filed a motion for appointment of counsel, along with other pleadings.  (Dkt. Nos. 5, 6.)  On October 3, 2023, Plaintiff filed a request to amend his complaint, where he sought to add two new parties and additional claims.  (Dkt. No. 7.)  On the same day, Plaintiff submitted additional filings, including a request for preliminary injunction. (Dkt. Nos. 7-1, 8).  On November 20, 2023, Plaintiff filed a second request to add another new party with new claims that were not related to the previous pleadings.  (Dkt. No. 9.)

On April 25, 2024, the undersigned, after careful review of the filings, the record, and relevant law, issued a Report and Recommendation for dismissal of Plaintiff's claims, altogether, on the basis that Plaintiff failed to state a claim upon which the relief may be granted, claims are non-recognizable, or otherwise meritless.  (Dkt. No. 10.)  The undersigned also recommended that Plaintiff be barred from proceeding IFP in any civil actions or appeals while incarcerated unless Plaintiff was under imminent danger of serious bodily injury, as Plaintiff had at least three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim.  (*Id.* at 41 (citing 28 U.S.C. § 1915(g)).  No party filed an objection.

On May 21, 2024, the District Court adopted the Report and Recommendation and entered its Final Judgment dismissing with prejudice Plaintiff's case.  (Dkt. Nos. 14, 15.)

On May 23, 2024, Plaintiff, as a non-prisoner, filed a Notice of Nonsuit, moving to nonsuit all claims against all parties without prejudice.  (Dkt. No. 16.)  On June 18, 2024, Plaintiff filed a Notice of Appeal.  (Dkt. No. 17.)  Shortly after, on June 27, 2024, Plaintiff filed a request for leave to appeal IFP, which is now pending before the court.  (Dkt. No. 19.)

## II.  Legal Standard

A party seeking to appeal a civil judgment IFP must comply with Rule 24 of Federal Rules of Appellate Procedure.  Under Rule 24(a), a party who desires to appeal *in forma pauperis* must file a motion seeking such relief with the district court.  Fed. R. App. P. 24 (a)(1).  With the motion, the party must attach an affidavit detailing his inability to pay fees and costs, claiming an entitlement to redress, and stating the issues that the party intends to present on appeal.  *Id.*  This is designed to assist courts in the process of determining whether an appeal is taken in good faith.  *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) ("[T]he district court must ascertain both the individual's pauper status and the merits of the appeal.").

If a party was permitted to proceed IFP in the district court, the party may proceed on appeal without further authorization.  Fed. R. App. P. 24 (a)(3).  However, this general rule is subject to two exceptions, one being where the district court certifies that the appeal is not taken in good faith and states in writing its reasons for the certification.  Fed. R. App. 24 (a)(3)(A).  "Good faith" within Rule 24 must be evaluated by objective standard.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A party demonstrates his good faith when he seeks appellate review of any non-frivolous issue, but he need not show probable success on the merits.  *Chapa v. Ingram*, 116 F. App'x 476, 478 (5th Cir. 2004) (citing *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)).  The reviewing court may only examine whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)."  *Howard*, 707 F.2d at 220 (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)).  If the district court cannot discern the existence of any non-frivolous issue on appeal, then an appeal is not taken in "good faith" and a motion to appeal IFP must be denied.  *Id.* (citation omitted).

The district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, "[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citation omitted).

### III. Analysis

Plaintiff's motion for leave to appeal IFP should be denied for two reasons.

First, Plaintiff fails to comply with the requirements of Rule 24. Although Plaintiff presents his inability to pay, Plaintiff fails to set out any claims that are entitled to redress and fails to state "the issues that the party intends to present on appeal." Fed. R. App. P. 24 (a)(1)(B), (C). Plaintiff also fails to identify the judgement or the appealable order from which the appeal is taken in the notice of appeal. Fed. R. App. P. 3(c); *see* Dkt. No. 17. Therefore, Plaintiff's deficient motion should be denied for his non-compliance with appellate rules.[1]

Second, Plaintiff's motion should be denied because the appeal is not taken in good faith and Plaintiff is not entitled to proceed IFP on appeal. Pursuant to Rule 24 (a)(3)(A), and for the reasons stated below, it is recommended that the District Court certify that Plaintiff's appeal is not taken in good faith. Fed. R. App. P. 24 (a)(3)(A).

Appellate review is made in good faith whenever an appellant presents an arguable issue on the merits or factual basis for the claim. *Howard*, 707 F.2d at 219. Here, Plaintiff presents no arguable issues on the merits or factual basis for the claim for his appeal. First, as noted, Plaintiff fails to identify any issues for appeal. (Dkt. Nos. 17, 19). Second, the court cannot discern the existence of an arguable legal issue on the meris given the analysis laid out in previous report and

---

[1] If Plaintiff's non-compliance with appellate rules were the only reason for denying his motion, then the denial would be "without prejudice."

4

recommendation. *See Regaldo v. Hidalgo Cnty.*, No. 7:23-CV-290, 2024 WL 2305262 (S.D. Tex. Apr. 25, 2024), *report and recommendation adopted,* No. 7:23-CV-290, 2024 WL 2304268 (S.D. Tex. May 21, 2024) (Dkt. No. 10); *see also Baugh v. Taylor*, 117 F.3d 197, 202 n.21 (5th Cir. 1997) (explaining a district court may incorporate by reference its prior decision when explaining its reasons for certifying an appeal is not taken in good faith).

Plaintiff raised numerous claims under 42 U.S.C. § 1983. (1) Plaintiff brought a claim against Attenti, a private company providing monitoring devices to TDCJ-Parole Division to monitor parolees and alleged a deprivation of a constitutional right. This claim was not viable under § 1983 since the defendant company is not a state actor. (2) Plaintiff sued City of Edinburg for unlawful arrest on two different occasions, but he failed to state sufficient facts to raise a constitutional violation as to said arrests and failed to establish municipal liability pursuant to § 1983. (3) Plaintiff alleged that Hidalgo County Sheriff denied his fundamental right to access to the courts, but this claim was moot, insufficient to raise a constitutional violation, and otherwise meritless. (4) Plaintiff asserted Hidalgo County District Clerk also violated his right to access to the courts and further requested a preliminary injunction against said District Clerk. Again, Plaintiff failed to state a § 1983 claim because he failed to show prejudice or harm from District Clerk's alleged failure to file his lawsuits. Further, Plaintiff's conclusory statements were insufficient to establish a constitutional violation or support a request for injunctive relief. (5) Plaintiff brought claims against his parole officer alleging deprivation of his constitutional right for false imprisonment by said officer. Such claim failed because a Fourteenth Amendment claim required proof of deliberate abuses of governmental power, but Plaintiff failed to allege such a viable claim. At most, Plaintiff may have shown that parole officer was negligent which is

insufficient to raise a constitutional claim.   Finally, Plaintiff's claims for monetary damages were categorically precluded by 42 U.S.C. § 1997e(e).

Plaintiff's had also requested to supplement his pleading seeking to add a third-party vendor for charging "excessive rates" for calling services.   Plaintiff suggested that such rates violated the Racketeer Influenced and Corruptions Organizations (RICO) Act, the Federal Communications Act, and common law and statutory violations.   Said request was denied as Plaintiff was seeking additional legal claims and a defendant unrelated to the original pleadings.

Plaintiff's § 1983 action is "legally frivolous" for noted reasons.   *See Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982) ("Since the district court expressly found that the claims plaintiff presented were legally frivolous, it erred in granting pauper status on appeal . . . . " ); *see also Holmes v. Wasmer*, No. 80-3216, 1989 WL 66347, at *2 (E.D. Pa. June 14, 1989) (holding that plaintiff's claims are without merit and should be denied request to proceed *in forma pauperis*). Therefore, Plaintiff's appeal is not taken in good faith because there will be no nonfrivolous issue on appeal.   *See* Fed. R. App. P. 24(a)(3); *see also Hamid v. Michigan*, No. 4:22-CV-04038, 2023 WL 3986323, at *1-2 (S.D. Tex. June 7, 2023), *report and recommendation adopted*, No. 4:22-CV-04038, 2023 WL 4157633 (S.D. Tex. June 23, 2023).

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit (Dkt. No. 19) be **DENIED with prejudice** and that the District Court **CERTIFY** that Plaintiff's Appeal (Dkt. No. 17) is not taken in good faith for the reasons stated in this report and recommendation.

### *Notice to the Plaintiff*

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings or legal conclusions accepted or adopted by the District Court, except on grounds of plain error.  *See Douglas v. United Serv. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Plaintiff is further notified that if this report and recommendation is adopted, Plaintiff may challenge the certification decision by filing a separate motion for leave to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit within 30 days after service of said notice.  *See* Fed. R. App. P. 24(a)(4), (5).

**DONE** at McAllen, Texas, this 24th day of July 2024.

Juan F. Alanis
United States Magistrate Judge